IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VICTOR C. FOURSTAR,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 25-150-M-BMM<br><br><br>ORDER |

This matter is before the Court on Victor Fourstar's petition for habeas corpus relief. (Doc. 1.) Fourstar is a state prisoner proceeding pro se.

This Court engaged in a preliminary screening of Fourstar's petition and determined that as pled, he failed to state a cognizable claim for relief. *See generally*, (Doc. 2.) Fourstar was given 28 days within which to file an amended petition. (*Id*. at 4.) To date, Fourstar has failed to comply.

**Failure to Prosecute/Comply with Court's Order**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

1

to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a party's failure to prosecute warrants dismissal of the case, a court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Fourstar has failed to comply with the Court's order of September 22, 2025. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with

docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Fourstar refuses to comply with the Court's orders. Fourstar's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Fourstar in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Fourstar was provided an adequate amount of time to file his response, but he failed to comply with the Court's order. Fourstar was further advised that his failure to obey the court's order would result in dismissal. *See e.g.,* (Doc. 2 at 4.) Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Fourstar had adequate

3

warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor is slight in light of the other four factors favoring dismissal. No further resources of the Court will be expended. This matter will be dismissed based upon Fourstar's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Under this standard, Fourstar is not entitled to a certificate of appealability. No reasonable jurist would find debatable Fourstar has failed to prosecute his §

2254 Petition.

Accordingly, the Court enters the following:

## ORDER

1. Fourstar's 28 U.S.C. § 2254 petition (Doc. 1) is DISMISSED based upon his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 28th day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court